UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN B. ANDERSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **THOMAS WINN, et al.**, <br><br> Defendants. | **2:18-CV-11133-TGB-APP** <br><br> **ORDER DENYING MOTION FOR RECUSAL (ECF NO. 24)** <br><br> **AND DENYING MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 25)** |

On April 10, 2018, pro se Petitioner Steven B. Anderson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner sought to challenge his state court conviction of first-degree premeditated murder and other offenses. On April 30, 2019, this Court issued an Order and Judgment denying the habeas petition and declining to issue a Certificate of Appealability ("COA"). ECF Nos. 13, 14. On October 31, 2019, the Sixth Circuit affirmed the denial of a COA. ECF No. 20. This Court later denied Petitioner's request for correction of palpable error. ECF No. 21. As relevant to Petitioner's present motions, the Court found that several of Petitioner's claims were procedurally defaulted. *See* ECF No. 13, PageID.3708–10.

Before the Court are two motions filed by Petitioner. In his motion for relief from judgment, Petitioner asserts that this Court applied the

1

incorrect standard to determine whether review of his "fraud on the court" claim was warranted despite Petitioner's procedural default. In his motion for recusal, Petitioner asserts that the Court's purported failure to properly adjudicate his fraud on the court claim creates the appearance of impropriety warranting recusal. For the reasons described below, Petitioner's motion for recusal is **DENIED**. Petitioner's motion for relief from the judgment is also **DENIED**. Issuance of a COA is also **DENIED**.

## I. DISCUSSION

### A. Petitioner's Motion for Recusal

Disqualification or recusal of a district judge is governed by 28 U.S.C. § 455. The statute provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994). A district judge must also recuse themselves if they have "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "This standard is *objective* and is not based 'on the subjective view of a party'" seeking recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (quoting *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990)).

Petitioner alleges judicial bias based on the Court's rulings in this case. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Indeed, absent

2

evidence of an "extrajudicial source" of bias, recusal is required only where a party demonstrates that a judge maintained "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Petitioner fails to show that the Court's handling of this case demonstrates such a deep-seated favoritism or antagonism. No reasonable person would find that such extreme prejudice exists to warrant recusal or disqualification. *See Burton v. Jones*, 321 F.3d 569, 577 (6th Cir. 2003); *Lewis v. Robinson*, 67 F. App'x 914, 922 (6th Cir. 2003). At bottom, it appears that Petitioner merely disagrees with the grounds for the Court's decision—a ruling that was affirmed by the Sixth Circuit Court of Appeals. But this disagreement is an insufficient basis to demand recusal. Accordingly, Petitioner's motion for recusal is **DENIED**.

### B. Petitioner's Motion for Relief from Judgment

Petitioner asserts that he is entitled to relief from judgment because the Court applied the incorrect standard for determining whether he overcame the procedural default of his "fraud on the court" claim. ECF No. 26, PageID.3789–90. Petitioner specifically argues that because the claim involved an alleged "fraud on the court," the usual "cause and prejudice" standard does not apply. *Id.* at PageID.3787. Petitioner states that he is filing his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(3), 60(b)(6), and 60(d)(3).

Though Rule 60(b)(3) and 60(d)(3) concern "fraud" by the opposing party and setting aside judgments because of "fraud on the court," the purported "fraud" of which Petitioner complains occurred in state court, when the trial prosecutor allegedly elicited false testimony at Petitioner's trial. Rule 60(b)(3) and 60(d)(3) address only fraud on the court that occurs during the proceedings of the present action. In liberally construing Petitioner's motion, the Court finds Rule 60(b)(1), which encompasses legal errors, to be most apt. *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (explaining that "[a] claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1)").

Because the Court construes Petitioner's motion as properly governed by Rule 60(b)(1), relief cannot be granted under Rule 60(b)(6). *See Pioneer Inv. Servs. v. Brunswick Assoc.*, 507 U.S. 380, 393 (1993) (describing relief available under Rule 60(b)(1) and (b)(6) as "mutually exclusive"); *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (emphasizing that relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable").

Rule 60(b)(1) contains a one-year time limitation. Here, the judgment from which Petitioner seeks relief was issued in 2019. A motion for relief from judgment under Rule 60(b)(1) must be made "not more than one year after the judgment, order or proceeding was entered or

4

taken." Fed. R. Civ. P. 60(c)(1). Moreover, the Court does not have the discretion to extend Rule 60(b)'s period of limitation. Fed. R. Civ. P. 6(b)(2); *see also Smith v. Sec'y of Health & Human Servs.*, 776 F.2d 1330, 1332–33 (6th Cir. 1985). Petitioner's motion is therefore barred from review.

But even assuming the motion was timely filed, Petitioner fails to demonstrate entitlement to relief from judgment. At root, Petitioner is asking the Court to reverse the Sixth Circuit's ruling that Petitioner's fraud on the court claim is procedurally defaulted and such default is not excused. *See* ECF No. 20, PageID.3766 ("Anderson was not prejudiced by failing to timely raise this claim in state court because[] . . . he presented nothing to establish that the prosecutor presented false testimony.").

A habeas petitioner "may not raise arguments during the first federal habeas proceeding, lose those arguments (because he could not show prejudice), then raise the same arguments based on the same evidence in a Rule 60(b) motion." *Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011). The Sixth Circuit has unambiguously stated that "[a] Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). Therefore, arguments that were, or should have been, presented on appeal are generally unreviewable on a Rule 60(b) motion. *Id.*; *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001) ("[A] district court does not abuse its

5

discretion when it denies post-judgment relief to a party raising the same issues and arguments post-judgment as those rejected by the district court in its prior (final) judgment.").

Furthermore, the law of the case doctrine "precludes reconsideration of issues decided at an earlier stage of the case." *Yeschick v. Mineta*, 675 F.3d 622, 633 (6th Cir. 2012) (quoting *Caldwell v. City of Louisville*, 200 F. App'x 430, 433 (6th Cir. 2006)). To the extent that Petitioner has modified or supplemented his argument that his fraud on the court claim is subject to habeas review despite his procedural default, the law of the case doctrine bars arguments that could have been, but were not, raised in a prior appeal. *See JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 505 F. App'x. 430, 435 (6th Cir. 2012); *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997).

The Court finds that the argument raised in Petitioner's motion for relief from judgment was, or could have been, raised previously in this action or on appeal. The Sixth Circuit either explicitly or implicitly rejected Petitioner's argument that his fraud on the court claim was subject to review despite his default.

Lastly, Petitioner improperly attempts to invoke Rule 60(d)(1), a rule that allows the Court to "entertain an independent action to relieve a party from a judgment, order or proceeding." But "an independent action should be available only to prevent a grave miscarriage of justice."

*U.S. v. Beggerly*, 524 U.S. 38, 47 (1998). The Sixth Circuit has held that in the context of a habeas case, a petitioner must make "a strong showing of actual innocence" to entitle them to relief under Rule 60(d). *Mitchell v. Rees*, 651 F.3d 593, 595–96 (6th Cir. 2011) (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998)). Petitioner makes no attempt to demonstrate his factual innocence. He is therefore not entitled to relief under Rule 60(d). Accordingly, Petitioner's motion for relief from judgment is **DENIED**.

### C. Certificate of Appealability

Before Petitioner may appeal this ruling, a Certificate of Appealability ("COA") must issue. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA following denial of a Rule 60(b) motion, the petitioner must demonstrate that:

> (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 08-11660, 2012 WL 882727, at *2–3 (E.D. Mich. Mar. 15, 2012) (quoting *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)). Petitioner fails to show that jurists of reason would find it debatable that the Court abused its discretion by denying his motions. Accordingly, the Court **DENIES** issuance of a COA.

## II. CONCLUSION

For the foregoing reasons, Petitioner's motion for recusal (ECF No. 24) is **DENIED**. Petitioner's motion for relief from the judgment (ECF No. 25) is also **DENIED**. The Court **DENIES** issuance of a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated: January 30, 2023      s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE