UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN B. ANDERSON**, Petitioner, vs. **THOMAS WINN**, Respondent. | 2:18-CV-11133-TGB-APP <br><br> HON. TERRENCE G. BERG <br><br> **ORDER GRANTING MOTION TO REOPEN TIME FOR FILING NOTICE OF APPEAL** |

This case is before the Court on remand from the Sixth Circuit Court of Appeals. By order dated June 2, 2023, the Sixth Circuit ordered that Petitioner's notice of appeal be construed as a motion to reopen the time to file an appeal, held the appeal in abeyance, and directed this Court to consider the motion. ECF No. 34.

## I.    BACKGROUND

The Court denied habeas relief in this 28 U.S.C. § 2254 case on April 30, 2019. ECF No. 13. Petitioner appealed, and the Sixth Circuit denied a certificate of appealability. ECF No. 20.

In July 2022, Petitioner filed a motion for recusal and a motion for relief from judgment. ECF Nos. 24, 25. On January 30, 2023, the Court denied the motions. ECF No. 28. The Order denying the motions was

mailed to Petitioner the same day to his address of record at the Oaks Correctional Facility. *See* Jan. 30, 2023 Docket Entry.

On April 11, 2023, the copy of the Order was returned by the Michigan Department of Corrections because Petitioner was no longer incarcerated at the Oaks Correctional Facility, and the time for forwarding mail had expired. ECF No. 29. That same day, the Court, on its own initiative, ascertained Petitioner's new facility and mailed him the January 30, 2023 Order a second time. *See* Apr. 11, 2023 Docket Entry.

On May 8, 2023, Petitioner filed a notice of appeal, explaining that he had not received the Order denying relief from the judgment until April 19, 2023. ECF No. 30. The notice of appeal is unsigned and undated, but it is postmarked May 2, 2023, 13 days after Petitioner claims he received the Order. *Id.*

## II. LEGAL STANDARD

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." This time limit is mandatory and jurisdictional. *Browder v. Dir., Dep't of Corr. Ill.*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998).

A party asserting excusable neglect or good cause, however, may seek to extend the time limit if it files a motion for extension of time within 30 days of the time for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(5); *Zack v. United States*, 133 F.3d 451, 453 (6th Cir. 1998). Petitioner's late notice of appeal, construed by the Sixth Circuit as a motion to reopen the time for filing a notice of appeal, was filed beyond the 30-day deadline. The time for filing a notice of appeal, therefore, may not be extended under Rule 4(a)(5)(A).

Federal Rule of Appellate Procedure 4(a)(6), however, provides that where a party does not receive notice of a judgment in accordance with Federal Rule of Civil Procedure 77(d), the district court may reopen the time to file an appeal if the motion to reopen is filed within 180 days after the judgment is entered, or within 14 days after the party receives notice, whichever is earlier.

Rule 4(a)(6) is the exclusive remedy for reopening the time to file an appeal. *Bowles v. Russell*, 432 F.3d 668, 672–73 (6th Cir. 2005), *aff'd*, 551 U.S. 205 (2007). District court rulings on Rule 60(b)(6) motions are reviewed for abuse of discretion. *Browder*, 434 U.S. at 263 n.7; *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370 (6th Cir. 2007).

### III. DISCUSSION

Here, the Court will exercise its discretion to grant the motion for reopening the time for filing the notice of appeal. Petitioner claims he did

not receive actual notice of the January 30, 2023 Order he wishes to appeal until April 19, 2023. The docket reflects that the Court's Order was returned as undeliverable. ECF No. 28. Petitioner filed his motion to reopen within 14 days of receiving actual notice, as required by Federal Rule of Appellate Procedure 4(a)(6).

The Court recognizes that Petitioner's failure to notify the Court of his change of address is the reason that he did not receive timely notice of the order. Early in this case, just after Petitioner filed his habeas petition, the Court sent him notice of his continuing obligation to promptly notify the Court of any change of address, as required by Eastern District of Michigan Local Rule 11.2. This notice included the warning that failure to file a change of address could result in dismissal of the case. ECF No. 3. This same notice of Petitioner's responsibility to inform the Court of address changes was again sent to Petitioner when the Court remailed the order to his new address.

Given the unusual circumstances here, the Court will also mail Petitioner a copy of this Order at his new address. Petitioner is admonished that in accordance with this district's Local Rules, he must file a notice of change of address to ensure that he receives timely notice of other filings.

4

Because Respondent has not opposed Petitioner's request to reopen the case and Petitioner meets the requirements of Federal Rule of Appellate Procedure 4(a)(6), the Court **GRANTS** the motion to reopen.

## IV. CONCLUSION

Accordingly, pursuant to the order of the Sixth Circuit Court of Appeals remanding this case, Petitioner's motion to reopen the time for filing an appeal of the Court's January 30, 2023, Order is **GRANTED**.

The Clerk of Court is respectfully directed to return this case to the Sixth Circuit Court of Appeals for further proceedings.

**IT IS SO ORDERED.**

Dated: August 22, 2023      s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE