UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN B. ANDERSON**, <br><br> Petitioner, <br><br> v. <br><br> **THOMAS WINN**, <br><br> Respondent. | 2:18-CV-11133-TGB-APP <br><br><br> **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 32)** |

Pending before the Court is Steven Anderson's application to proceed on appeal without prepayment of filing fees. ECF Nos. 32.

The Court denied relief in this habeas case over four years ago, in April 2019. ECF No. 13. Anderson tried to appeal, but the Sixth Circuit denied a certificate of appealability. ECF No. 20. In July 2022, he moved for recusal and relief from judgment. ECF Nos. 24 & 25. The Court entered an order denying both motions on January 30, 2023. ECF No. 28.

On May 8, 2023, Anderson filed an untimely notice of appeal from the January 20, 2023 order, asserting he had not received it. ECF No. 30. The Sixth Circuit asked this Court to consider whether he was entitled to an extension of time to file his notice of appeal. ECF No. 34. The Court granted the extension. ECF No. 35.

The Court must now also determine whether Anderson is entitled to proceed without prepaying filing fees. ECF No. 36. A court may allow a prisoner to proceed without prepaying filing fees if the prisoner is

unable to pay the fee and the appeal is being taken in good faith. 28 U.S.C. § 1915(a); FED. R. APP. 24(a). An appeal is not taken in good faith if it raises frivolous issues. *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

This appeal concerns the Court's previous order denying a motion for post-judgment relief. As explained in that order, Anderson had argued incorrectly that—because one of his habeas claims involved an allegation that a state prosecutor committed fraud upon the court—he was entitled to different standard of review under Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3) than the "cause and prejudice" test that is generally applied to defaulted claims. ECF No. 28, PageID.3804-05.

This argument is frivolous because it stems from a misunderstanding of Rules 60(b)(3) and 60(d)(3). The Rules do indeed concern fraud, but they refer to misrepresentations made by an opposing party *during* federal trial proceedings–*not* fraud forming the basis of a habeas claim alleged to have occurred in state court. Rules 60(b)(3) and 60(d)(3) simply do not pertain to the standard of review used by the Court in its original adjudication of Anderson's claims.

Accordingly, because an appeal of the order denying Anderson's motion for relief from judgment is frivolous, his application to proceed without prepaying filing fees is **DENIED**.

**IT IS SO ORDERED**, this 5th day of December, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge